# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-745V
Filed: April 29, 2016
Not to be Published

```
************************************
CINDY M. DEL TUFO,                  *
                                    *
          Petitioner,               *    Failure to litigate; dismissal;
                                    *    tetanus-diphtheria-acellular
v.                                  *    pertussis ("Tdap") vaccine; arthus-
                                    *    type hypersensitivity reaction;
SECRETARY OF HEALTH                 *    cellulitis; pruritis; rash; fatigue;
AND HUMAN SERVICES,                 *    vomiting; diarrhea; asthma
                                    *
          Respondent.               *
                                    *
************************************
```

Cindy M. Del Tufo, Mahwah, NJ, for petitioner (pro se).
Michael P. Milmoe, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

On July 16, 2015, petitioner filed a petition pro se under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that tetanus-diphtheria-acellular pertussis (Tdap") vaccine administered July 2, 2012 caused her Arthus-type hypersensitivity reaction, cellulitis, pruritis, rash, fatigue, nausea, vomiting, diarrhea, abdominal pains, anaphylactic reactions, urticarial, chronic and extensive inflammation leading to allergy and autoimmune responses, asthma, chronic sinusitis, irritable bowel syndrome, dyspnea and common variable immune deficiency.  Pet. Preamble.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.  Because this is a *pro se* case, the posted decision contains the special master's electronic signature.

On July 16, 2015, the case was assigned to former Chief Special Master Denise Vowell. On July 17, 2015, then-Chief Special Master Vowell transferred the case to Special Master Nora Beth Dorsey.  On August 31, 2015, petitioner contacted Special Master Dorsey's law clerk to request additional time to locate and retain an attorney, which Special Master Dorsey granted on September 4, 2015, giving her until October 7, 2015 to retain an attorney who would file a Motion to Substitute Counsel.  On October 6, 2015, petitioner contacted now-Chief Special Master Dorsey's law clerk and asked for additional time to locate and retain an attorney, which Chief Special Master Dorsey granted on October 7, 2015, giving petitioner until December 7, 2015 to retain an attorney who would file a Motion to Substitute Counsel.  On October 29, 2015, Chief Special Master Dorsey transferred the case to Special Master Mindy M. Roth.

On December 18, 2015, Chief Special Master Dorsey reassigned the case to the undersigned.  On January 21, 2016, the undersigned's judicial assistant made a notation on the docket stating that she had not been able to contact petitioner via e-mail at cdtufo@aol.com or by telephone at the telephone numbers petitioner provided to the Court, (201) 206-8446 and (201) 962-2657.  Also on January 21, 2016, the undersigned issued an Order directing petitioner to contact the undersigned's law clerk by February 12, 2016 to schedule a telephonic status conference.  Failure to do so would result in an Order to Show Cause why this case should not be dismissed.  Petitioner failed to do so.  On March 29, 2016, the undersigned issued an Order to Show Cause by April 29, 2016 why the undersigned should not dismiss this petition for failure to prosecute.

Petitioner has failed to respond to the undersigned's Order to Show Cause.  This case is **DISMISSED** for failure to prosecute under Vaccine Rule 21(b)(1).

## DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners'

affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149.  Mere temporal association is not sufficient to prove causation in fact.  Id. at 1148.

Petitioner must show not only that but for her Tdap vaccination, she would not have had the many physical complaints she lists in her petition, but also that the Tdap vaccine was a substantial factor in causing these symptoms.  Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The Vaccine Act does not permit the undersigned to rule for petitioner based on her claims alone, "unsubstantiated by medical records or by medical opinion."  42 U.S.C. § 300aa-13(a)(1).  In the instant action, petitioner has chosen not to file any medical records or expert medical opinion.  She has chosen not to obey the undersigned's orders to contact the undersigned's law clerk.

Vaccine Rule 21(b)(1) states that the special master "may dismiss a petition . . . for failure of the petitioner to prosecute or comply with these rules or any order of the special master . . . ."

The undersigned **DISMISSES** this case for petitioner's failure to prosecute and failure to obey the undersigned's orders to contact the undersigned's law clerk.

## CONCLUSION

This petition is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: April 29, 2016                                                                         s/ Laura D. Millman
                                                                                                            Laura D. Millman
                                                                                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(b), entry of judgment can be expedited by each party, either jointly or separately, filing a notice renouncing the right to seek review.